Chief Justice Robertson,
delivered the opinion of the court.
Em j aii Warner sued Basil Speak on a covenant, for seventy-five dollars “in current bank notes.”
Speak pleaded that the note was given in consideration of the sale by Warner to him, of a “wooden clock” which was at the time of the sale, fraudulently represented “to be a good time piece;” but which was not then “a good time piece” but was “of no value as a timepiece.”
The circuit court sustained a demurrer to the plea, and directed a writ of inquiry. Warner agreed, by endorsement, to take, in discharge of his demand, notes on the bank of Kentucky, or on the bank of the commonwealth. Speak offered to prove the specie value 0f “current bank notes,” at the time when the $75 were Pa3'able; but the court refused to allow such evidence; and thereupon a verdict and judgment were rendered for $75, “in commonwealth’s notes.”
The circuit court did not err in sustaining the demurrer to the plea. The averments did not show an entire failure of consideration. That the clock was of no Value, is not a necessary consequence from the fact, i<: was wol'tbless “as a time piece.” Nor is the allegation of fraud availing, without an additional averment of an offer, within reasonable time, to return the clock.
But the court erred in its refusal to admit evidence, to Prove the vaiue of “current bank paper.”
The statute wh ch authorizés judgments specifically, for bank notes does not embrace this covenant. One of the objects of that statute was to sustain the credit of the paper currency of this state. It therefore does not include all “current bank notes;” but only the “current bank notes of Kentucky.” The notes of outer states may be current in Kentucky. But j • 'gment could not be rendered for them specifically. Any bank *69 notes which were current in Kentucky, would have discharged the covenant, although they may not have been the notes of any bank in Kentucky.
Rudd, for plaintiff.
Speak had a right to discharge his covenant in the least valuable of the bank notes which were current in Kentucky. And he had therefore, the right to prove the value of any such notes, as he had not covenanted to pay in “current bank notes of Kentucky;” he was liable only for the value of “current banknotes” of any bank.
Wherefore, the judgment is reversed, and the cause remanded for another inquiry as to the damages.